UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RODERICK MASON, | ) | Case No. 1:18-cv-0787 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| WARDEN, LYNEAL WAINWRIGHT, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## I. Introduction

On April 9, 2018, Petitioner Roderick Mason, represented by counsel, filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. Mason is an Ohio prisoner who is currently serving a 16-year prison term and a five-year term of post-release supervision for drug trafficking and possession, having weapons under a disability, and possessing criminal tools. Mason asserted three due-process-related grounds for relief: (1) he was denied a full and fair hearing relating to evidence suppression; (2) his no contest plea was not knowing, voluntary, and intelligent as the trial court failed to advise him as to the effect of a plea of no-contest; and (3) the trial court misled him concerning the terms of his post-release control. (ECF No. 1). Respondent, Warden Lyneal Wainwright,[1] filed a return of writ on June 8, 2018. (ECF No. 5). Mason filed a traverse on July 6, 2018. (ECF No. 6). Because Mason presented only non-cognizable claims, the undersigned recommended that the Court deny his petition in its entirety and not grant him a certificate of appealability. (ECF No. 8).

---

[1] After filing his traverse but before this Court issued the earlier Report & Recommendation, Mason was moved to a new location. He is now housed at Lebanon Correctional Institution under Warden Chae Ernie. (ECF No. 7 at 2).

1

On January 5, 2021, Mason, through counsel, filed what appeared to be a new habeas petition, this time asserting two different due-process-related grounds for relief: (1) that he was patently misinformed as to the length of post-release control, thus should have been allowed to withdraw his guilty plea; and (2) that the sentencing court had no jurisdiction to increase his period of post-release control from three years to five years upon remand from the Court of Appeals. (ECF No. 7 at 4). Mason's January 5, 2021 petition included only new grounds for relief, used a new cover sheet, and a new filing fee was paid. Based upon these facts and the representations made to the Court by Mason's counsel via a telephone call, the Court determined that Mason had filed the January 5th petition as a new petition for habeas relief. The January 5, 2021 petition was refiled by the Clerk of Courts as a new petition for habeas relief with case number 1:21-cv-508. Respondent then moved in the new case to transfer the petition to the Sixth Circuit Court of Appeals for authorization to consider a second or successive petition. (Case No. 1:21-cv-508, Doc. No. 5). On July 30, 2021, the district court denied the motion to transfer, ordered the Clerk of Court to renew Mason's amended petition as a motion to amend his initial petition, and renewed the referral to the undersigned under Local Rule 72.2. Respondent opposed the motion to amend the petition. (ECF No. 12). Mason, who is represented by counsel, did not file a reply in support of amending the petition and the time for doing so has passed. The matter is ripe for review.

**II.     Law and Analysis**

Fed. R. Civ. P. 15(A) governs motions to amend petitions for habeas corpus. *See* 28 U.S.C. § 2242. Under Rule 15(A) a party may amend his pleading once as a matter of right within 21 days after serving it or with the opposing party's written consent or the court's leave. Rule 15(A)(2) provides that leave should be freely given when justice so requires. Several factors may be considered in determining whether to permit an amendment: the reasons for undue delay in filing;

whether there was a lack of notice to the opposing party; whether there was bad faith in the moving party's repeated failure to cure deficiencies by previous amendments; whether there would be undue prejudice to the opposing party; and whether amendment would be futile to correct problems in the original pleading. *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998).

Mason's proposed amended petition presents two new grounds for relief, which raise issues of state law. To obtain habeas relief, a petitioner must show a state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States". 28 U.S.C. § 2254(d)(1). "Therefore, to the extent that a habeas petitioner makes a claim that is based solely on a violation of state law, the petitioner has failed to state a claim on which federal habeas relief can be granted." *King v. Buchanan*, No. 1:19 CV 2159, 2020 WL 9259698, at *11 (N.D. Ohio Oct. 13, 2020), *report and recommendation adopted*, No. 1:19 CV 2159, 2021 WL 1565161 (N.D. Ohio Apr. 21, 2021) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990); *see also Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")).

First, Mason asserts that he was denied due process of law when the trial court denied his request to withdraw his guilty plea. However, there is no federal constitutional right to withdraw a plea. *Hynes v. Birkett*, 526 F. App'x 515, 521 (6th Cir. 2013); *United States v. Woods*, 554 F.3d 611, 613 (6th Cir. 2009) ("The defendant is not entitled to ... the withdrawal of her plea as a matter of right"); *Dickey v. Warden, Lebanon Corr. Inst.*, 2010 WL 92510, at *7-8 (S.D. Ohio) ("[T]here is no federal constitutional right, or absolute right under state law, to withdraw a guilty plea.")

3

(citing cases). Generally, a federal habeas court "lacks authority to adjudicate a claim that the state court improperly denied a motion to withdraw a guilty plea." *Artiaga v. Money*, 2007 WL 928640, at *2 (N.D. Ohio); *see also Xie v. Edwards*, 1994 WL 462143, at *2, 35 F.3d 567 (6th Cir.) (unpublished) (whether trial court abused discretion in denying motion to withdraw plea is question of state law). "[I]n the absence of a constitutional violation in the taking of the plea, a trial court's abuse of discretion in denying a subsequent motion to withdraw the plea does not trigger constitutional concerns." *Weaver v. Moore*, No. 1:06-CV-00557, 2008 WL 697705, at *12 (S.D. Ohio Mar. 12, 2008). Accordingly, ground one of Mason's proposed amended petition is not cognizable in habeas review.[2]

Second, Mason's claim that his post-release control term was corrected after he started serving his prison sentence does not violate any United States Supreme Court precedent. "[T]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007). "[T]he scope of the writ does not reach this second tier of complaints about deficiencies in state post-conviction proceedings" and a writ of habeas corpus "is not the proper means to challenge collateral matters as opposed to the underlying state conviction giving rise to the prisoner's incarceration." *Id.*

---

[2] To the extent Mason now asserts that his guilty plea was not knowing, intelligent, and voluntary because of the trial court's failure to properly advise him of his potential term of post-release control, that argument is procedurally defaulted. Mason did not challenge the constitutionality of his guilty plea on these grounds on direct review (*see* ECF No. 5-1 at Ex. 15), nor to the Ohio Supreme Court (*see* ECF No. 5-1 at Ex. 22), nor did he apply to reopen his appeal and the time for doing so has passed (*see* Ohio App. R. 26(B)). Thus, he has procedurally defaulted any claim that he did not enter his plea knowingly, voluntarily and intelligently on this basis. *See Adams v. Burton*, No. 16-1476, 2016 WL 6610219, at *2 (6th Cir. Nov. 8, 2016) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("When a petitioner has failed to exhaust his state remedies, and when he can no longer do so under state law, his habeas claim is procedurally defaulted.")).

(citations and internal quotation marks omitted). Accordingly, ground two of Mason's proposed amended petition is not cognizable.

### III. Conclusion

Federal habeas relief is not available for a claimed violation of state law; thus, any alleged violation of Ohio law is not properly before this court. *See Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L.Ed.2d 606 (1990). Mason does not provide any U.S. Supreme Court precedent to establish that either of the alleged shortcomings render his sentencing unconstitutional. Accordingly, Mason's proposed amended petition presents two new grounds for relief that are not cognizable on habeas review. If the amendment were permitted, the court would only be required to dismiss the ground on that basis. Thus, the proposed amendment is futile.

### IV. Recommendation

The scales of justice do not weigh in favor of permitting Mason to amend his petition. The proposed grounds for relief are not cognizable and the amendment would be futile. Requiring respondent to defend against such new grounds would unnecessarily tax his resources and would not further the interest of judicial economy.

For these reasons, the Court recommends DENYING petitioner's motion for leave to amend his petition. (ECF No. 7).

DATED: August 27, 2021

                                                *s/Carmen E. Henderson*
                                                Carmen E. Henderson
                                                United States Magistrate Judge

_____

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).