UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Roderick Mason,                                                Case No. 1:18-cv-787

            Petitioner,

v.                                                          ORDER

Chae Harris, Warden[1],

            Respondent.

On April 9, 2018, Petitioner Roderick Mason, through counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, stating three grounds for relief. (Doc. No. 1). Respondent argued all three grounds should be dismiss because they are not cognizable in habeas proceedings. (Doc. No. 5). Mason then filed an amended petition, (Doc. No. 7), which counsel represented was intended to be a new petition for habeas relief rather than an amended petition. (*See* non-document order dated March 4, 2021). Respondent filed a motion to transfer the second petition to the Sixth Circuit Court of Appeals for authorization to proceed with a second or successive petition. I denied the motion to transfer because the Sixth Circuit has held a subsequent petition filed while the initial petition is pending should be construed as a motion to amend. *See In re Stevenson*, 889 F.3d 309, 309 (6th Cir. 2018).

---

[1] The petitioner currently is incarcerated at the Lebanon Correctional Institution in Lebanon, Ohio, where Chae Harris is the Warden. The Clerk of Court is ordered to substitute Harris as the Respondent in this case. Fed. R. Civ. P. 25(d).

On April 8, 2021, Magistrate Judge Carmen E. Henderson issued a Report and Recommendation recommending I dismiss the claims Mason asserted in his original petition because his claims are not cognizable in habeas proceedings. (Doc. No. 8). On August 27, 2021, Judge Henderson issued a second Report and Recommendation recommending I deny Mason's motion to amend his petition because his proposed amendments also are not cognizable in habeas proceedings and, therefore, his proposed amendments are futile. (Doc. No. 13).

Under the relevant statute, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); *United States v. Walters,* 638 F.2d 947, 949 (6th Cir. 1981). More than 14 days have passed since Judge Henderson issued her Reports and Recommendations and Mason has not filed any objections to either of Judge Henderson's Reports and Recommendations.

The failure to file written objections to the Magistrate Judge's Report and Recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *Thomas v. Arn,* 728 F.2d 813 (6th Cir. 1984), *aff'd,* 474 U.S. 140 (1985); *see also Walters,* 638 F.2d at 950; *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) ("[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review").

Following my review of the Magistrate Judge's Reports and Recommendations, I accept Judge Henderson's recommendations and conclude Mason's grounds for relief are not cognizable in habeas proceedings. Therefore, I deny Mason's motion to amend his petition, (Doc. No. 7), and dismiss his petition for habeas relief under § 2254. (Doc. No. 1). Further, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge